## ANONYMOUS.

It is necessary that it should appear upon the transcript of the justice's docket, that the affidavit required by the sixth section of the supplement to small cause act, passed November 23, 1821, was made and filed with the justice at the time of filing the appeal bond.

*Halsey*, at the last term, moved for a rule to shew cause why a *mandamus* should not issue, directed to the judges of the Common Pleas of the county of Sussex, commanding them to proceed to hear and determine a certain appeal which had been removed into that court from the judgment of a justice, and there dismissed. The facts upon which this application was made, were, that the Court of Common Pleas had dismissed the appeal, because it did not appear upon the transcript of the justice's docket; that the appellant, at the time of filing the appeal bond with the justice, also filed with

him the affidavit required by the proviso to the sixth section of the supplement to the small cause act, passed November 23, 1821. The words of this proviso are, " that no appeal shall be granted to remove a judgment rendered upon the verdict of a jury, or on a report of referees, unless the party demanding the appeal shall, at the time of filing the appeal bond with the justice, also file with him an affidavit, made by the said party, stating that the said appeal is not intended for the purpose of delay, and that he verily believes that he hath a just and legal defence to make upon the merits of the case, which said affidavit the said justice shall cause to be sent up to the court to which the appeal is taken, with the other papers in the cause." The affidavit was sent up with the papers, but was not marked filed, nor did it appear, by the transcript, to have been filed, though it appeared to have been made on the same day that the bond was filed, and before the same justice. *Halsey* said it was not absolutely necessary that the justice should enter upon that transcript, that an affidavit had been made, and that the Court of Common Pleas had no right to dismiss the appeal because such entry had not been made. To shew that a *mandamus* was the proper writ to compel an inferior court to do that justice which they are in duty and virtue of their office obliged to do, he cited 4 *Back. Abr.* 498; 2 *Pen. Rep.* 738.

KIRKPATRICK, C. J. Take your rule.

No cause having been shewn against the rule, *Halsey*, at this term, applied to the court for a peremptory *mandamus*.

*Vroom* now shewed cause against this motion. He admitted the facts to be as stated by the adverse counsel; but said, that the Court of Common Pleas did right in dismissing the appeal, for it was necessary that the party should file an affidavit with the justice, at the time of filing the bond, otherwise the latter was of no validity. It was the affidavit which completed the matter. Under the old law,

it was always held, that it must appear upon the transcript, that an appeal was demanded; that was done by tendering the bond; this was the substantial matter which must appear upon the transcript, and now it is as necessary that the affidavit should appear to have been filed, as that the bond was tendered. It is very easy for the party to get an affidavit on the file, even though it was not properly taken. The construction of the Common Pleas was a sound one, that whatever was necessary to give the court jurisdiction must appear upon the transcript.

KIRKPATRICK, C. J. Does the act which requires the affidavit require it to be marked filed?

*Vroom.* No sir.

KIRKPATRICK, C. J. The objection is, then, that it is neither marked filed, nor appears on the transcript, to have been filed.

*Halsey.* The question is, what is evidence of the filing? Putting it in the office, is the act of filing; but it is not the practice of the justice to mark the papers filed. This court would not introduce a practice which would create still more difficulty in making appeals than at present exists. The party has a right to appeal any time before the term, and if he does any act to make the appeal, and should omit the doing some act required to complete the appeal, he might do it afterwards. There was sufficient evidence to convince the Court of Common Pleas that an affidavit had been made and filed, and, therefore, a peremptory *mandamus* ought to issue.

*Curia advisare valt.* At a subsequent day in the term, the court said they were of opinion, that it ought to have appeared on the transcript of the justice, that the affidavit was filed with him at the time of filing the appeal bond. Therefore take nothing by your motion *Mr. Halsey.*